Argued November 13, 1919, affirmed January 13, rehearing denied February 10, 1920.

# CROW v. ABRAHAM.

## (186 Pac. 426.)

**Judgment — Attorney Estopped by Judgment Against Client as to Land in Which Attorney had Interest.**

1. Where, with a view of bringing suit to quiet title to land, one claiming ownership deeded a one-third interest to his attorney as a contingent fee and the attorney as such brought suit in which his client asked for a decree that he was owner of all the land, and a decree was rendered against his client and in favor of the defendant, in a subsequent action by the defendant for the value of the use and occupation of the same, the attorney cannot set up his deed as a defense, as the legal effect would be to litigate the identical question passed on in a prior suit.

From Douglas: GEORGE F. SKIPWORTH, Judge.

Department 2.

On February 26, 1883, H. G. Crow executed a warranty deed to E. J. Crow for about one thousand acres of land in Douglas County, Oregon, which is the real subject matter of this litigation.

Thereafter the firm of Marks & Company, as creditors of H. G. Crow, brought suit in the Circuit Court of that county to set aside this conveyance upon the ground that it was a fraud upon them as creditors of H. G. Crow.

This terminated in a final decree, rendered by this court in *Marks & Co.* v. *Crow et al.*, 14 Or. 382 (13 Pac. 55), in which the deed was set aside for that reason and the property was subjected to a sale upon the claim of Marks & Company, and was thereafter sold to E. J. Crow to whom a sheriff's deed was duly executed, September 8, 1887, and in whom the legal title has been vested ever since.

Claiming, notwithstanding such sale and sheriff's deed, that E. J. Crow continued to hold the legal title

to the property in trust for the use and benefit of him, H. G. Crow entered into negotiations with the defendant, Albert Abraham, an attorney, with a view of bringing a suit against E. J. Crow for a decree that he held the legal title to the property in trust for H. G. Crow and for an accounting of the rents and profits.

As a result, on September 23, 1906, H. G. Crow executed to the defendant, Albert Abraham, his certain deed, combined with a power of attorney, to an undivided one third of his interest in the lands in question, and concurrent therewith, on the same date and as a part thereof, H. G. Crow and Albert Abraham entered into another written agreement, from which it appears:

"That whereas the said party of the second part desires to commence suit against one E. J. Crow for an accounting and to compel a reconveyance and quieting of title as to certain lands mentioned in a certain trust deed and power of attorney executed by and between the parties hereto of even date herewith, and the said party of the second part is without means to secure witnesses and provide for the expenses of the said suit and for said purpose and for the purpose of paying attorney fees has transferred in trust to the said party of the first part an undivided one-third ($\frac{1}{3}$) interest in the said property described therein to be dealt with as the said Albert Abraham shall see fit and to retain to the said Albert Abraham as he may see fit to disburse the proceeds therefrom for the said expenses of said suit and attorneys fees, and as to the said power of attorney for the convenience of the said parties to make any transfer which it may be advantageous to the said parties should the party of the second part herein desire to sell his remaining two-thirds ($\frac{2}{3}$) interest in said property;

"Now therefore it is agreed and understood by and between the parties hereto that the said Albert Abraham is employed as attorney for the said party of the second part to commence and prosecute the said suit and to recover the said lands from the said E. J. Crow

and to enforce an accounting from him the said E. J. Crow as aforesaid whether the same may be done by suit or without suit and to use his best endeavors to that end and to settle and compromise any and all matters between the said H. G. Crow and E. J. Crow as in the best judgment of the said Albert Abraham shall see fit and proper; and to sell, employ or retain the said one-third interest in said property above described and the proceeds arising therefrom to pay for his services and the expenses of the said suit. And it is further agreed and understood that in addition to the said interest in said land so conveyed in trust the said Albert Abraham shall have and retain one-third of any moneys recovered in said accounting recovered by suit or otherwise.''

''And it is agreed that the said Albert Abraham shall use his best endeavors and employ his best skill and talents as such attorney in said matter and hereby accepts the said employment on said terms and agrees to prosecute the same to final determination.

''And it is agreed and understood that the said H. G. Crow shall remain in possession and enjoy the rents and profits from all of the said lands until the 1st day of October 1910.

''It is agreed and understood by and between the parties hereto that the said party of the first part shall not sell the two-thirds of the said property which belongs to the said party of the second part unless he shall first have the consent of the said party of the second part, but shall only act as the agent of the said party of the second part under express authority which is agreeable to the said party of the second part.''

After the execution of and pursuant to those written instruments, H. G. Crow commenced a suit against E. J. Crow to have him declared trustee of the title for H. G. Crow and for an accounting, in which Mr. Abraham appeared as one of his attorneys.

That suit resulted in a decree in the lower court in favor of the plaintiff, as prayed for in his complaint,

from which an appeal was taken to this court and the lower court was reversed, in an exhaustive opinion written by Mr. Justice RAMSEY, *Crow* v. *Crow,* 70 Or. 534 (139 Pac. 854), on March 24, 1914, and a rehearing was denied on June 2, 1914, in which it was held and decreed that the defendant, E. J. Crow, or his successors were the owners of the property in dispute and that the plaintiff, H. G. Crow, did not own any of the property in dispute and was not entitled to an accounting.

The instant action was commenced by the plaintiff, E. J. Crow, to recover from the defendants for the value of the use and occupation of the lands which were in controversy in the suit and which have been in possession of the defendants since the decree was rendered.

After a trial in the lower court judgment was rendered in favor of the plaintiff against the defendant Abraham, as trustee, for $566.67, the rental value for an undivided two-thirds interest in the land, and against him personally for $283.33, the rental value of an undivided one-third interest. On appeal to this court the judgment against Abraham, as executor, was affirmed, and the judgment against him personally for $283.33 was reversed upon the ground that "an error was committed in excluding the defense of adverse possession to an undivided one third of the real property, interposed by the defendant on his own behalf," and the case was remanded to the lower court for a retrial as to the defendant Abraham personally, concerning the rental for the one-third interest which he personally claimed in the land.

At the retrial there was an agreement as to the amount of the rental value of the interest which he

claimed and after the testimony was all taken and on motion of the plaintiff the court directed' the jury to return a verdict against the defendant, Abraham personally, for that amount and upon which judgment was entered, and from which he appeals, assigning numerous errors in the admission and rejection of evidence and the sustaining of the motion.    AFFIRMED.

For appellants there was a brief over the names of *Mr. Albert Abraham, Mr. J. O. Watson* and *Mr. Carl E. Wimberly,* with an oral argument by *Mr. Abraham.*

For respondent there was a brief and an oral argument by *Mr. Oliver P. Coshow.*

JOHNS, J.—To defeat the action against him the defendant, Abraham, claims title to an undivided one-half interest in the real property under his deed which was executed September 23, 1908, concurrent with the written instrument, above quoted, which was prior to the suit of *H. G. Crow* v. *E. J. Crow,* from which it appears that Mr. Abraham was employed to prosecute that suit and that for his services he should receive an undivided one-third interest in the lands.

With that as a basis he entered into another agreement with other parties, whose names are not disclosed by the record, by which they were to furnish the necessary moneys for costs and expenses, in consideration of which they were to receive one half of Abraham's one third or an undivided one sixth. It was nothing more nor less than an agreed contingent fee. There was no actual money paid. Abraham, as attorney for the plaintiff, had personal knowledge of all the surrounding facts and circumstances and was not an inno-

cent purchaser for value. Taking and accepting his
deed under these conditions, he could only acquire an
undivided one-third interest in the title of H. G. Crow
as it then existed, in H. G. Crow, and if Crow did not
own the lands Abraham would not acquire any title
by his deed. In the suit which H. G. Crow brought, in
which Mr. Abraham was one of his attorneys, it was
finally decreed that E. J. Crow was the owner of the
lands and that H. G. Crow did not have any interest ,
therein and was not entitled to an accounting. Under
the facts disclosed in the record Mr. Abraham could
not take or acquire any better, other, or different title
than his grantor had at the time of its execution.

Again, while it is true that H. G. Crow did remain in
possession of the lands after the final decree in the suit
was rendered, no testimony was produced or offered
which shows or tends to show that such possession was
adverse or hostile to E. J. Crow who held the record
title.

The facts are peculiar. When the deed from H. G.
Crow to Abraham is construed with the concurrent
written agreement between them and the collateral
facts, the whole transaction is an agreement for a con-
tingent fee which Abraham was to receive in the event
that H. G. Crow won his lawsuit against E. J. Crow
and H. G. Crow lost his case and the court rendered a
decree that E. J. Crow was the owner of the lands.
Growing out of the fact that H. G. Crow remained in
actual possession of the lands after the decree was ren-
dered and that he should pay for the value of the use
and occupation of same, plaintiff commenced this in-
stant case and now has a final judgment against the
estate of H. G. Crow for two thirds of the rental value
of the lands, and Abraham personally seeks to defeat

judgment against him for the other third for the reason that through his deed from H. G. Crow he then became and is now the owner of an undivided one-third interest in the lands.

However after that deed for the one-third interest was executed he brought suit, as attorney for H. G. Crow as plaintiff, against E. J. Crow to recover complete title to all of the land. In other words, having his own deed to the undivided one third of the land, Mr. Abraham brought a suit for his client, from whom he had obtained his title, in which his client asked for a decree that he was owner of all of the land and in which the title to all of the land was litigated and a decree was rendered against his client, H. G. Crow, and in favor of E. J. Crow. In legal effect the defendant, Abraham now seeks to litigate the identical question again as to his one-third interest.

If the agreement between H. G. Crow and Abraham were for a contingent fee in a personal injury case in which only a money judgment could be rendered and his client failed to obtain any judgment, it would then not be contended that his attorney would be entitled to have or receive the full or any amount of his contingent fee. In legal effect Mr. Abraham, by his defense is now claiming the full amount of his contingent fee evidenced by the deed from his client for an undivided one third in the land. He lost the case for his client which he took on a contingent fee and for which he received his deed; and the plaintiff now has a judgment against his client for the rental value of the two-thirds interest in the land which he claimed to own, and in the same action in which that judgment was rendered Mr. Abraham now seeks to defend, under the deed which he received from his client before the suit was brought to

recover the property for his client and which deed was executed for the purpose of bringing that identical suit. The judgment is affirmed.

AFFIRMED. REHEARING DENIED.

McBRIDE, C. J., and BEAN and BENNETT, JJ., concur.